IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEKATOR M. THORPE,

                Plaintiff,                OPINION AND ORDER

v.                                            13-cv-390-wmc

DANE COUNTY, *et al.*,

                Defendants.

Plaintiff Dekator M. Thorpe has filed a proposed civil action against Dane County, the State of Wisconsin, and two individual defendants in connection with a state court proceeding. Because Thorpe seeks leave to proceed without prepayment of fees and costs, the court must review the proposed complaint to determine if his allegations are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Thorpe's motion for leave to proceed must be denied because the court lacks jurisdiction to consider his claims for relief.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts.[1]

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's underlying civil action from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited July 29, 2013). The court draws all other facts from the complaint.

Plaintiff Dekator M. Thorpe is a resident of Rio, Wisconsin. The defendants include Dane County, the State of Wisconsin, Wisconsin State Court Commissioner Marjorie Schuett, and Thorpe's former paramour, Nichole Retallick, who reportedly resides in Middleton.

The complaint stems from a paternity suit in Dane County Circuit Court, which established that Thorpe was the father of Retallick's child. Following the judgment of paternity in 2009, the circuit court entered an order requiring Thorpe to pay child support. To date, however, the circuit court has refused to grant Thorpe any visitation privileges.

Thorpe asserts that the child support order enforced by the circuit court has "put [him] under the federal poverty guidelines." Alleging further that he has seen his daughter only "3 or 4 times" since the judgment of paternity, Thorpe contends that the defendants have unjustly "concealed" his child by denying him visitation rights. Thorpe maintains that the circuit court's persistent refusal to allow him visitation rights constitutes "cruel and unusual punishment by torturing [him] and [his] child," causing him extreme mental stress and emotional anguish. Thorpe asks this court to grant him relief from the circuit court's child support order and he requests "any other remedy that the court sees fit."

## OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases

or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Because of the limits on federal judicial power, district courts have a duty to evaluate subject-matter jurisdiction - - even if the parties do not raise this issue - - before reaching the merits of a case. *See Buchel-Ruegsegger*, 576 F.3d at 453. If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, a federal court such as this one has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* U.S.C. §§ 1331-32. Assuming that all of Thorpe's allegations are true, his case falls into neither category. The face of the complaint establishes that there is no diversity of citizenship and, apart from an abbreviated reference to the Eighth Amendment's prohibition against cruel and unusual punishment, which plainly does not apply outside of a criminal proceeding, *see, e.g.*,

3

*Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977), Thorpe articulates no legitimate federal question. Therefore, this court lacks jurisdiction to inquire further.

Even if there were an arguable basis for the exercise of federal jurisdiction, this court would be compelled to decline. First, Thorpe plainly challenges orders entered by the Dane County Circuit Court concerning child support obligations and visitation rights. These issues fall within the area of family or domestic relations, which is governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, unless a substantial federal question "transcends or exists apart from" a dispute involving family law or relations, federal courts typically must decline jurisdiction even when divorce, alimony, or child custody is not strictly at issue. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004).

Second, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as the award of child support and denial of visitation that form the basis for Thorpe's complaint in this case. *See, e.g., Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-Feldman* to a

4

Wisconsin child-custody decision); *Wright v. Tackett*, 39 F.3d 155, 157-58 (7th Cir. 1993) (per curiam) (holding that *Rooker-Feldman* bars review of constitutional claims that are inextricably intertwined with state court divorce proceedings); *Liedel v. Juvenile Court of Madison County*, 891 F.2d 1542 (11th Cir. 1990) (finding that *Rooker-Feldman* and *Younger* abstention doctrine bar federal court jurisdiction over a case involving ongoing child custody dispute, notwithstanding claims of violation of constitutional rights to due process) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

For all of the foregoing reasons, Thorpe's complaint must be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that plaintiff Dekator M. Thorpe's complaint is DISMISSED for lack of subject matter jurisdiction.

Entered this 2nd day of August, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge
